# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:20-cv-00735-RJC

| | |
|---|---|
| **Daniel DiPiazza,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Order** |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Attorney Fees. (DE 16). For the reasons stated herein, the Court will grant the motion in part and deny in part.

After Plaintiff filed his motion for summary judgment, the Commissioner moved to enter a judgment reversing her decision and remanding the case for further administrative proceedings. (DE 13). After consenting to the Commissioner's reversal and remand motion, Plaintiff filed the instant motion for attorney fees. Plaintiff argues he is entitled to $7,250.63 in attorney fees for 33.09 hours of work and $421.15 in costs. (DE 17). The Commissioner agrees that attorney fees and costs are warranted. (DE 19). However, the Commissioner argues the attorney fees are excessive and requests that the fee be reduced by 20.72 hours, or $2,716.72. (*Id.* at 5). The relevant time entries are reproduced below. (DE 17-2).

| Date | Description | Hours | Atty |
|---|---|---|---|
| 8/23/2021 | Reviewing ALJ decision, setting up medical index, beginning review of medical records in light of arguments and synopsizing them for medical index. | 6.75 | DS |
| 8/24/2021 | Reviewing medical records in light of arguments, synopsizing them and analyzing for argument. | 7.67 | DS |
| 8/25/2021 | Finish file review, re-review of alj decision, beginning drafting sections of brief and outline of arguments, finishing analysis and synopsis of medical records. Begin draft of arguments. | 7.82 | DS |
| 8/26/2021 | Finish draft of argument, research, editing, proofing, revisions. | 8 | DS |
| 8/26/2021 | Review, edit, and finalize district court brief | 1.25 | GCP |

The Commissioner argues that the time entries from August 23, August 24, and August 25 should be reduced in half (from 22.24 hours to 11.12 hours) because time spent working on a medical index is non-compensable. (DE 19). The Commissioner also argues that the second time entry for 1.25 hours from August 26 should be reduced to zero hours because "DS" is an experienced attorney that does not require additional oversight from attorney "GCP." (*Id.*).

Turning to the medical index issue, in the Western District of North Carolina it has repeatedly been decided that preparing a medical index is a non-compensable clerical task. *See Mullis v. Kijakazi*, No. 3:20-cv-00083-MR, 2021 WL 4391879, at *3 (W.D.N.C. Sept. 24, 2021) (finding that the preparation of the medical index is a "superfluous, 'clerical task, which is not compensable.'"); *Marler v. Saul*, No. 3:20-cv-00035-KDB, 2021 WL 2652949, at *2 (W.D.N.C. June 28, 2021) (same); *Hooper v. Saul*, No. 3:20-cv-00074-FDW, 2021 WL 2188240, at *2 (W.D.N.C. May 28, 2021) (same). Here, the August 23 entry is block billed and includes time spent "setting up medical index," along with other tasks. The August 24 and 25 entries include time spent "reviewing," "synthesizing," and "analyzing" the medical records for arguments in the brief. This is separate from setting up the medical index and includes compensable attorney work reviewing the medical records for legal arguments. Thus, only the August 23 entry includes non-compensable time. Because the August 23 entry is block billed and the Court cannot determine the exact amount of time spent on the medical index, it will reduce the total hours for that entry by

half (from 6.75 hours to 3.375 hours).

Regarding the redundant editing argument, the Court declines to reduce the last time entry on August 26 (from 1.25 hours to zero hours). There is no rule that prevents multiple attorneys from working on drafting a brief and, to the extent the work is not duplicative, attorneys are allowed to bill for the work they performed. Here, attorney "DS" appears to have taken the lion's share of the work in drafting the brief. In the first August 26 time entry, "DS" spent time editing and revising the brief. On that same day, "GCP" spent 1.25 hours editing and finalizing the brief. Regardless of the experience of attorney "DS," there appears to be nothing inappropriate or duplicative with a supervising attorney like "GCP" spending just over an hour reviewing and finalizing the brief before submission. Moreover, the Commissioner provided no case law showing that when two attorneys work on drafting a brief together only one is allowed to review the brief. Accordingly, a reduction for reviewing the brief is not warranted here.

As the billing rate for "DS" on August 23 was $219.63 and the Court reduced the hours from 6.75 hours to 3.375 hours, the total reduction in fees is $741.25 ($219.63 x 3.375 hours). Thus, the total attorney fees Plaintiff is entitled to is $6,509.38 ($7,250.63 minus $741.25).

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for attorney fees is **GRANTED in part** and **DENIED in part**. In particular, it is **DENIED** as to $7,250.63 in attorney fees for 33.09 hours of work and is **GRANTED** as to $6,509.38 in attorney fees for 29.715 hours of work and for $421.15 in costs.

**SO ORDERED**.

Signed: June 16, 2022

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge