UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00735-RJC

| | |
|---|---|
| DANIEL DIPIAZZA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY, ) <br> ) <br> Defendant. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (Doc. No. 22). Plaintiff's counsel petitions this Court for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $44,103.63 less the $6,509.38 paid to Plaintiff's attorney under the Equal Access to Justice Act for a total of $37,594.25. (*Id.*) This amount is less than 25% of the back benefits awarded to Plaintiff by the Social Security Administration. (Doc. No. 23-1 at 5). This Court previously awarded Plaintiff $6,509.38 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. No. 21). In response to Plaintiff's Motion, the Commissioner neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b). (Doc. No. 24 at 1).

Section 406(b) provides that "whenever a court renders a judgment favorable to a claimant[,] . . . the court may determine and allow as part of its judgment a reasonable fee" for representation of the claimant before the court. 42 U.S.C. § 406(b)(1)(A). Such a fee should not exceed 25 percent of the total of the past-due

1

benefits to which the claimant is entitled by reason of such judgment. *Id.* The fee is payable "out of, and not in addition to, the amount of such past-due benefits." *Id.*

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court;" instead, the Court must determine whether the agreed upon fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 809 (2002). The Fourth Circuit deemed the following factors relevant to a district court's reasonableness inquiry: "the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005).

Here, Plaintiff entered into an agreement with counsel that allowed for a fee of no more than 25% of all back benefits awarded to Plaintiff and his family in the event the case was won. (Doc. No. 23-2). Plaintiff's counsel secured an award for Plaintiff of $198,377.00 in past-due benefits. (Doc. No. 23-1 at 5). Considering the factors above, the Court concludes that the attorney's fees sought by counsel are reasonable.

Further, while attorney's fees may be awarded under both the EAJA and section 406(b), the Social Security Act requires that the attorney refund to the claimant the smaller fee. *Gisbrecht*, 535 U.S. at 796; *see also Atwood v. Berryhill*, No. 5:16-CV-00215-MR, 2019 WL 1558699, at *1 (W.D.N.C. Apr. 10, 2019). As to counsel's request that the Court offset the total amount of section 406(b) fees by the amount he received under the EAJA, a district court within the Fourth Circuit has determined

that "a reduction in the fee award by [the amount previously awarded under EAJA] is an appropriate and reasonable alternative to granting a full fee award but ordering counsel to reimburse Plaintiff with the amount of the lesser award." *Widmer v. Kijakazi*, 668 F. Supp. 3d 446, 447 (E.D. Va. 2023). However, this Court has declined to offset the amount and has instead required Plaintiff's counsel to refund the smaller fee award to Plaintiff. *See Reyes v. O'Malley*, No. 1:22-CV-00096-MR, 2024 WL 2119266, at *1 n.1 (W.D.N.C. May 10, 2024). The Seventh Circuit has joined the Tenth Circuit in recognizing that while the "netting method" is permissible under section 406(b)(1), it is disfavored, and an attorney-to-claimant refund is preferred. *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020). Thus, the Court will require Plaintiff's counsel to refund the smaller fee award to Plaintiff.

**IT IS, THEREFORE, ORDERED** that that Plaintiff's Motion for Attorney's Fees, (Doc. No. 22), is **GRANTED**. Plaintiff's attorney is awarded attorney's fees in the amount of $44,103.63. The award to Plaintiff's counsel shall be paid from the Plaintiff's past-due benefits directly to the Plaintiff's attorney in the amount of $44,103.63 within a reasonable time. Plaintiff's counsel shall refund to Plaintiff the sum of $6,509.38.

**IT IS SO ORDERED.**
Signed: August 14, 2024

Robert J. Conrad, Jr.
United States District Judge